**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 16-4591**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHRISTOPHER LAVERNE EZEKIEL,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:16-cr-00063-CCE-1)

Submitted:  May 8, 2017                        Decided:  June 2, 2017

Before GREGORY, Chief Judge, and TRAXLER and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & SIEGMUND, LLP, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Robert A.J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Laverne Ezekiel appeals his conviction after pleading guilty to possession of a firearm in furtherance of a drug trafficking crime. Ezekiel claims that the district court erred by denying his motion to withdraw his plea. Finding no reversible error, we affirm the district court's judgment.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). "A defendant has no absolute right to withdraw a guilty plea, and the district court has discretion to decide whether a fair and just reason exists upon which to grant a withdrawal." *United States v. Bowman*, 348 F.3d 408, 413 (4th Cir. 2003) (internal quotation marks omitted); *see* Fed. R. Crim. P. 11(d)(2)(B). "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." *Nicholson*, 676 F.3d 376 at 384 (internal quotation marks omitted); *accord United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

Having carefully reviewed the record, we conclude that Ezekiel entered his guilty plea voluntarily and with the close assistance of competent counsel, and that the district court was within its discretion to deny his motion to withdraw it.[*] Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and

---

[*] To the extent Ezekiel asserts a standalone claim of ineffective assistance of counsel, he should raise that claim in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

2

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*